United States Bankruptcy Court
Southern District of Texas
ENTERED
November 06, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 26-30459** |
| **ROBERT DANIEL BAILLARGEON,** | § | |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | **CHAPTER 7** |

# MEMORANDUM OPINION

At an evidentiary hearing held on November 4, 2026, the Court considered the "Motion to Liquidate Charles Schwab Securities" (the "*Motion*") filed by Janet S. Casciato-Northrup ("*Trustee*"), trustee for the Chapter 7 bankruptcy estate of Robert Daniel Baillargeon ("*Debtor*"), on September 18, 2026, at ECF No. 27. The Court has also considered the "Response to Trustee's Motion to Liquidate Charles Schwab Securities" filed by Debtor on October 14, 2026, at ECF No. 30; the "Reply in Support of Motion to Liquidate Charles Schwab Securities" filed by the Trustee on October 20, 2026, at ECF No. 33; the "Stipulation Between Debtor and Chapter 7 Trustee" ("*Stipulation*") filed by Debtor and the Trustee on November 4, 2026, at ECF No. 38; the live testimony of the Trustee, Debtor, Danielle Baillargeon, and Kevin Nelson; and the admitted exhibits filed at ECF No. 34, Exhibits 1–5, and ECF No. 37, Exhibits 1–11. For the reasons stated herein, the Motion is GRANTED subject to the conditions outlined herein and in the accompanying Order.

## I. Background

By the Motion, the Trustee seeks authority to liquidate the securities and cash held in Debtor's Charles Schwab brokerage account numbered xx5190 (the "*Securities Account*") and to administer the resulting proceeds. ECF No. 27, ¶ 10. The Securities Account had a scheduled value

of $52,441 as of January 26, 2026 (the "*Petition Date*"). *Id.* ¶ 7. Charles Schwab & Co., Inc. ("*Charles Schwab*") reported that as of May 19, 2026, the Securities Account held $55,104.30 in securities and $151.47 in cash, for a net value of $55,255.77. ECF No. 34-2. The value remains subject to market fluctuation. *Id.* The Debtor opposes liquidation on the ground that the Securities Account is held for the benefit of his children and is not property of the bankruptcy estate. ECF No. 30, ¶¶ 3, 10–12. In the alternative, the Debtor requests an adversary proceeding and/or appointment of a *guardian ad litem* for the children. *Id.* ¶¶ 13–15.

The parties Stipulation sets forth the undisputed facts as follows: in 2019, Debtor and Danielle Baillargeon, Debtor's wife, opened the Securities Account and styled it as "Danielle L Baillargeon & Robert D Baillargeon, JT Ten 'For Kids.'" ECF No. 38, ¶ 1. Funds were requested to be transferred from a Bank of America account numbered xx3595 to the Securities Account on July 16, 2019, with an expected completion date of July 17, 2019. *Id.* ¶ 2. The Securities Account has been styled as "Danielle L Baillargeon and Robert D Baillargeon Jt Ten 'For Kids'" since the account was established on July 3, 2019. *Id.* ¶ 4. The account registration has not changed since inception in 2019. *Id.* ¶ 5. No funds have been withdrawn or distributed from the account since inception other than management and advisor fees. *Id.* ¶ 6. A letter from John Styles ("*Styles*"), a great-grandparent of Debtor's children, reflects a statement that Styles provided monetary gifts to his great-grandchildren. *Id.* ¶ 7. Checks from Styles to the great-grandchildren demonstrate transfers of funds from Styles. *Id.* ¶ 8. A letter from Rick and Sammie Barrett (together, the "*Barretts*"), grandparents of Debtor's children, reflects a statement that the Barretts provided monetary gifts to their grandchildren. *Id.* ¶ 9. Statements from Charles Schwab show the value and style of the Securities Account. *Id.* ¶ 10. Checks from Styles and the Barretts payable to Debtor's

children that demonstrate funds for Debtor's children have been written at various times since the Securities Account was opened. *Id.* ¶ 11.

The evidence establishes that the Securities Account is titled jointly in the names of Debtor and his spouse, rather than in the names of the children or a designated custodian; that its deposits originated from a joint checking account belonging to the Debtor and his spouse; and that the gift checks identified by the Debtor postdate the last deposit into the Securities Account. ECF Nos. 34-1, 34-4. The notation "FOR KIDS" appears on account statements, but the statements identify the registered owners of the Securities Account as "DANIELLE L. BAILLARGEON & ROBERT D. BAILLARGEON JT TEN." ECF No. 34-3.

## II. JURISDICTION, VENUE & CONSTITUTIONAL AUTHORITY

This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334. This matter is a core proceeding under § 157(b)(2)(A) and (O), as the Motion concerns administration of Debtor's bankruptcy estate and liquidation of the assets of Debtor's bankruptcy estate. Further, the instant matter concerns the Trustee's proposed use or sale of property pursuant to 11 U.S.C. § 363 asserted to belong to the bankruptcy estate under § 541. Therefore, the instant proceeding arises under title 11 and arises in a case under title 11. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96–97 (5th Cir. 1987).

This Court may only hear proceedings in which venue is proper. 28 U.S.C. § 1408. Pursuant to 28 U.S.C. § 1409, "a proceeding arising under or arising in . . . a case under title 11 may be commenced in the district court in which such case is pending." Debtor's bankruptcy case is pending before this Court. Accordingly, venue of this proceeding in this Court is proper.

This Court may render final judgment in core proceedings but may only issue proposed findings of fact and conclusions of law in non-core matters without consent of the parties. *Stern v.*

*Marshall*, 564 U.S. 462, 471 (2011). As discussed above, the instant matter is a core proceeding pursuant to § 157(b)(2)(A) and (O). Further, determining what constitutes property of the bankruptcy estate is central to the bankruptcy process, although the nature and extent of the Debtor's property interests, if any, are determined by applicable nonbankruptcy law unless federal law provides otherwise. *Butner v United States*, 440 U.S. 48, 54–55 (1979). Accordingly, this Court concludes that it has the constitutional authority to enter a final order here.

## III. Legal Standards

### A. 11 U.S.C. § 363(b)

11 U.S.C. § 363(b) permits a trustee, after notice and a hearing, to use, sell, or lease property of the estate outside the ordinary course of business. The proponent of a sale must articulate a sound business justification for the proposed transaction. *Institutional Creditors of Cont'l Air Lines, Inc. v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986). In evaluating a proposed transaction under § 363(b), the Court considers several factors including whether the proponent exercised sound business judgment, whether the proposed transaction serves a legitimate estate purpose, whether adequate notice was provided, and whether the transaction was proposed in good faith. *See id.* A trustee's business judgment is entitled to deference when it is supported by a reasonable basis and is not the product of bad faith, self-interest, or gross negligence. *GBL Holding Co. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.)*, 331 B.R. 251, 254 (N.D. Tex. 2005).

### B. 11 U.S.C. § 363(f)

Section 363(f) permits a trustee to sell estate property free and clear of an entity's interest if at least one of the five enumerated factors are satisfied. *Newport Acquisition Co. No. 1, LLC v. Schiro (In re C-Power Prods., Inc.)*, 230 B.R. 800, 803 (Bankr. N.D. Tex. 1998). Under § 363(f),

the trustee need not finally resolve the disputed interest before the sale. *Subway Equip. Leasing Corp. v Sims (In re Sims)*, 994 F.2d 210, 221 (5th Cir. 1993). The trustee must, however, demonstrate an objective basis for a bona fide factual or legal dispute concerning the validity of the asserted interest. *Id.* Section 363(p)(2) places the burden of proof on an entity asserting an interest in property sold under § 363 to establish the validity, priority or extent of that interest. However, as the proponent of the sale, the Trustee retains the burden of establishing that the proposed transaction satisfies § 363(b) and at least one condition under § 363(f). *In re ASARCO LLC*, 441 B.R. 813, 823 (S.D. Tex. 2010).

## IV. ANALYSIS

Section 541(a)(1) includes in the bankruptcy estate all legal or equitable interests of the debtor in property as of the commencement of the case. Property in which the debtor holds only legal title, but not an equitable interest, enters the estate only to the extent of the debtor's legal title. 11 U.S.C. § 541(d). State law ordinarily determines the existence and extent of the debtor's property rights. *Butner*, 440 U.S. at 54–55.

Here, the account application identifies the registered owners as Danielle L. Baillargeon and Debtor, as joint tenants, without identifying either child as an owner, beneficiary, or custodian. ECF No. 34-1. Charles Schwab's May 19, 2026 letter likewise identifies the Securities Account as a joint tenant account in the names of Danielle L. Baillargeon and Debtor. ECF No. 34-2. The account statements identify the account holders as "DANIELLE L. BAILLARGEON & ROBERT D. BAILLARGEON JT TEN" and separately include the notation "FOR KIDS." ECF No. 34-3. The Debtor's schedules characterize the Securities Account as a "joint account for children." ECF No. 1, at 13. That description acknowledges the Debtor's joint title while asserting that the account was intended for the children. Taken together, the account registration, the account statements, and

the Debtor's schedules establish that the Debtor held at least a legal interest in the Securities Account on the Petition Date. The evidence currently in the Court's record does not support treating the account as an account formally registered to a custodian for a named minor under the Texas Uniform Transfers to Minors Act. Additionally, this ruling does not determine the extent of the Debtor's spouse's ownership interest. The record establishes joint title but does not establish the spouse's respective net contributions, if any, or other facts necessary to allocate ownership between Debtor and his spouse under applicable Texas law.

Additionally, the Debtor contends that the Securities Account has always been held for his children's benefit, that his parents contributed the funds for the children, and that neither the Debtor nor his spouse used the funds for personal expenses. ECF No. 30, ¶¶ 3, 5–6; Robert Daniel Baillargeon Hrg. Testimony, Nov. 4, 2026. Debtor also asserts that he possesses checks from family members payable to the children. ECF No. 30, ¶ 11. The evidence in the record establishes that the Securities Account received two identified deposits: $22,488 on July 17, 2019, and $7,200 on January 22, 2020. ECF No. 34-4. Both transfers originated from a joint Bank of America checking account belonging to the Debtor and his spouse. *Id.* The gift checks dated December 25, 2020, December 25, 2021, and December 25, 2022 postdate the January 22, 2020 final deposit into the Securities Account. ECF No. 37-6. Those checks do not trace the funds deposited in 2019 and January 2020 to gifts made for Debtor's children. The gift intent letters are dated after the Petition Date on March 3, 2026, and refer generally to gifts made for birthdays, holidays, and other milestones without identifying the Securities Account, a particular deposit, or a specific amount. ECF No. 37-5. The letters therefore provide some evidence of a general donative purpose but do not establish that the funds deposited into the Securities Account belonged to the children.

The absence of withdrawals is consistent with Debtor's assertion that he and his spouse did not use the account for personal expenses. Robert Daniel Baillargeon Hrg. Testimony, Nov. 4, 2026. However, that fact does not, standing alone, establish a completed gift, custodial transfer, or trust in favor of the Debtor's children. In other words, Debtor's evidence of general intent does not overcome Trustee's specific evidence of title, control, and funding. The Trustee has established that the estate holds an interest in the Securities Account and that the children's competing claim is subject to bona fide dispute.

The Securities Account consists of securities and cash whose value fluctuates with market conditions. ECF No. 34-2. Charles Schwab has restricted the Securities Account and will not liquidate its positions without explicit written authority addressing the order of liquidation. *Id.* Converting the securities to cash will preserve a readily administrable fund while allowing disputed ownership interests to attach to the proceeds. Additionally, there is no evidence in the record that the Trustee has acted in bad faith or for an improper purpose. The Trustee has therefore articulated a sound business justification for liquidation under § 363(b).

The account title and funding evidence provide an objective basis to dispute the Debtor's assertion that the children own the Securities Account pursuant to § 363(f)(4). The Debtor's competing evidence and arguments establish a general intent to benefit the children but do not trace the account deposits to particular gifts or establish a formal custodial or trust relationship. Nevertheless, the Court need not finally determine the children's asserted interest to permit liquidation under § 363(f)(4). Any such interest will attach to the proceeds with the same validity, priority, and extent it had immediately before liquidation. This process permits preservation of the account's value without prejudging the ultimate ownership dispute.

## V. Conclusion

The Trustee has established a sound business justification for liquidating the Securities Account under § 363(b) and that the Debtor's children's asserted interest is subject to a bona fide dispute under § 363(f)(4). Accordingly, the Motion is GRANTED subject to the conditions outlined *supra* and in the Order accompanying this Memorandum Opinion. An Order consistent with this Memorandum Opinion will be entered on the docket contemporaneously herewith.

**SIGNED Friday, November 6, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**